CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/26/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 4:21-cr-00004 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| EMILEE KATHRYN POTEAT | ) | Chief United States District Judge |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 4:25-cr-00015 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| EMILEE KATHRYN POTEAT | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Emilee Kathryn Poteat's pro se motion for early termination of supervised release, which the court has treated as being filed in both cases listed above. (Case No. 4:21-cr-00004, Dkt. No. 66; Case No. 4:25-cr-00015, Dkt. No. 4.) In the first case, the United States filed a response indicating that it does not oppose the request. (Case No. 4:21-cr-00004, Dkt. No. 68.) The United States has not filed a response in the second case, after being told that a failure to timely object would be construed as a statement of non-opposition. (Case No. 4:25-cr-00015, Dkt. No. 5.) Thus, the court also finds that the United States does not object in the second case. The court concludes that a hearing is not necessary, and it will grant Poteat's motion.[1]

Under 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one

[1] A hearing is not required because the relief sought is favorable to the defendant and the government received notice and does not object. Fed. R. Crim. P. 32.1(c)(2).

year of supervised release if it is satisfied that such action is warranted by the defendant's conduct and the interest of justice. As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[2] 18 U.S.C. § 3553(a).

A district court's decision whether to grant early termination of supervised release is reviewed under "the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). *See also Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (noting that discretion to deny exists even where the conditions for termination are met). The sentencing guidelines direct the court to conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination and to consult with the Government and the probation officer. U.S.S.G. § 5D1.4; *United States v. Miller*, No. 26-6501, 2026 WL 2874981, at *1 (4th Cir. Sept. 24, 2026) (per curiam) (noting same).

In Case No. 4:21-cr-00004, Poteat pled guilty, pursuant to a Rule 11(c)(1)(C) plea, to one count of attempting to tamper with a consumer product, in violation of 18 U.S.C. § 1365(a)(4), and one count of false statements or entries, in violation of 18 U.S.C. § 1001(a)(2). Poteat was a registered nurse at the time of the offense and addicted to opiates. She committed the first offense by taking fentanyl and hydromorphone from the hospital where she worked, injecting the drugs, and replacing the missing drugs with saline. The second arose from her false statements to federal agents investigating the tampering. The plea agreement contained a binding range of

---

[2] Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release. 18 U.S.C. § 3583(e). These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available. *See also Esteras v. United States*, 606 U.S. 185, 195 (2025) (holding that district court cannot consider these factors because they are not referenced in § 3583(e)).

24 to 60 months. In February 2022, then-United States District Judge Urbanski sentenced Poteat to thirty-six months in the custody of the Bureau of Prisons on each count, to run concurrently, followed by three years of supervised release on each count, again to run concurrently.

In the second case, Poteat pled guilty in the Middle District of North Carolina to another count of attempting to tamper with a consumer product, in violation of 18 U.S.C. § 1365(a)(4). The offense conduct there occurred shortly after the conduct in the Virginia case, at a separate hospital. In June 2022, she was sentenced to 54 months' imprisonment and a three-year supervised release term, both to run concurrently with her sentence in Case No. 4:21-cr-00004. (Judgment, Case No. 4:25-cr-00015, Dkt. No. 1-3.) That case was then transferred here for purposes of Poteat's supervision. (*Id.*, Dkt. No. 1.) In the transfer order, the transferor court "expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court." (*Id.*, Dkt. No. 1, at 1.)

Poteat was released from custody and began serving her supervised release term in both cases on March 28, 2025. Thus, she has served more than half of her three-year term. The motion explains that Poteat has complied with all terms of her supervised release and points out the many ways in which she is integrated into society and has made strides in her personal life. For example, she notes that she has become a licensed insurance agent and maintained stable, full-time employment, has paid all her criminal financial obligations, is caring for her children, and is purchasing a home. She has maintained sobriety for six years, since before her sentencings in these cases, has founded a recovery group that meets weekly, and continues to participate in substance-abuse treatment. She also has provided corroborating documentary evidence for many of these accomplishments.

The court also received information confirming many of these facts from her supervising U.S. Probation Officer. Her probation officer notes that Poteat has been compliant, employed, and living in a stable environment. She further notes that Poteat has paid all her criminal fees in both cases, continues to receive substance abuse treatment, and does not have any new criminal charges nor positive drug tests. The probation officer does not object to the request for early termination.

The court has also considered the personal statement Poteat provided, which reiterates her remorse for her criminal action and gives more detail about the challenges she has overcome. Her statement reveals a person who continues to learn and grow, and who has committed herself to making positive choices for herself, her family, and her community. (Case No. 4:21-cr-00004, Dkt. No. 66-1.) She also has submitted letters of support from several individuals who attest to the progress she has made since her release.

Based on the information provided and the non-opposition by the United States, and after considering the appropriate § 3553(a) factors, the court agrees that early termination is appropriate. The nature and circumstances of the offense were serious and troubling. But Poteat's personal history and characteristics weigh heavily in favor of termination. The sentencing court in her Virginia case noted her "remarkable rehabilitation" before sentencing, and the record before the court reflects that her rehabilitation has continued throughout her time in prison and while on supervised release. The court further finds there is no longer a need to protect the public or to deter Poteat from committing further crimes through the ongoing imposition of release conditions.

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Poteat's motions for early termination of supervised release (Case No. 4:21-cr-00004, Dkt. No. 66; Case No. 4:25-cr-00015, Dkt. No. 4) are GRANTED and her supervised release terms in both cases are hereby TERMINATED.

The clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record, directly to Ms. Poteat at her address of record, and to the United States Probation Office.

Entered: October 26, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge